Reese, J.
delivered the opinion of the court.
One Stinson Archer, many years since, gave his bond to Parrish, to convey to him the land in controversy — Parrish assigned the bond to Norris. Each of these persons was successively in the possession of the land. A judgment was obtained against Norris, and the land was levied on by execution and sold, and the lessee of the plaintiff took a sheriff’s deed as purchaser, and brought this action.
The court charged the jury, “that an equitable interest in land is not subject to execution; but notwithstanding there be no deed, yet, if the statute of limitations- has, before the levy and sale, perfected the title, such title would be subject to levy and sale. That if they believe that Stinson Archer sold the land to O. Parrish, and made him a bond for title, and Parrish by virtue of the bond, entered and held adversely to Archer, and all the world; and before the completion of the bar of the statute, Parrish sold to defendant Norris, by transferring the bond to him, and Norris held for himself adversely to the claim of Parrish and Archer, until the statute ran out, this would vest the title in Norris, and it would be a legal title, subject to levy and sale; and that for the purpose of forming the bar, the time during which Parrish held, might be added to the time *464 during which Norris held, to make out the bar of the statute in favor of Norris, and when completed, the legal title would be perfected in Norris, and not in Archer or Parrish. That when land is sold by bond, and the party purchasing enters into the possession with the knowledge of the vendor, and holds for himself, the statute commences running in his favor, without any other or further notice to the vendor, that the party purchasing is holding for himself.”
The whole of the charge above quoted, except the first proposition, that an equitable interest is not subject to execution, is erroneous, and finds no support in the act of 1819, or in any adjudication of this court upon that act. The titles which are perfected by the bar of the statute, and which draw to them the better title, are those enumerated in the first section of the act, which purport to convey to the possessor or those for whom he claims an estate of inheritance. The proposition of the charge, in brief, is, that if A, the vendor, give a title bond to B, the vendee, and lets him into the possession, and he remains in possession seven years, he has become owner of the fee and clothed with the legal title. This proposition is not only un-sustained by any of our adjudications, but is contrary to them.
The legal estate remaining in the vendor is perfectly consistent with the possession and claim of the vendee. The interest-is as large, as valuable, at least, as that of a mortgagee. In each case the title of vendor and vendee, mortgagor and mortgagee, constitutes one title, and the possession enures to the benefit of that title. The statute does not run in this relation, (see the case of Hammond vs. Hopkins, 3d Yerg.) as against the other party; and moreover seven years possession does not perfect a defective title, unless it purport to convey an inheritance, so as the same shall descend to heirs, be subject to execution sale, sustain an action of ejectment on behalf of a plaintiff, or do more than repel the recovery of him suing upon a possessory title. See the case of Hannum vs. Wallace, 1st Hump. 447.
The judgment of the Circuit Court must be reversed, and a new trial of the case be had in that court.